THE STATE, for the use of ST. PETER'S CHURCH in Wilmington *vs.* JOHN ROGERS and THOMAS H. LARKIN, Ex'rs of WILLIAM LARKIN, deceased.

What will make one liable as administrator *de son tort* when there is a rightful executor.

Debt on a bond.
Thomas H. Larkin one of the defts., summoned. *Non est inventus,* as to Rogers.
The pleas were *ne unques executer* and performance. Replications and issues.

This action was on a bond given by William Larkin as manager of a lottery for the benefit of St. Peter's church—conditioned to account for and pay over moneys received, &c.

In relation to the first plea the will of William Larkin was exhibited which nominated Thomas H. Larkin, his son, and John Rogers, his executors. The will being proved letters testamentary were granted to Rogers alone. Rogers filed the inventory and list of debts and made a settlement before the Register showing a balance of $6,920 31. Thomas H. Larkin executed to Rogers a release for this balance.

Plff. now produced evidence to charge Thomas H. Larkin as administrator *de son tort;* and he read the record of a suit brought on this bond against William Larkin in his lifetime. After his death a scire facias issued against Rogers and Thomas H. Larkin as his executors to make them parties. They appeared and moved to quash the writ, which was done. An alias issued against the same defts. This also was quashed.

This evidence was objected to; and the Court were of opinion that it was not evidence to charge Thomas H. Larkin as an administor *de son tort*, as he did not take defence to the action, nor had any occasion of pleading that he was not an executor. *(a)*

The plffs. went on to lay other testimony on this point before the jury, but the case was finally referred.

*Wales, Booth* and *Rogers*,for plff.
*J. A. Bayard, Read, jr.* and *Hamilton,* for deft.

(*a*) If one sues for and receives money as executor he is chargeable as administrator *de son tort.* 3 *Bal.* 21; *Went.* 176; 1 *Com. D.* 377; *Toller* 37; 2 *T. Rep.* 97. Or pays money into court in another action.

If there be a lawful executor and an executor *de son tort,* a creditor may sue them jointly or severally. *Went.* 178.

If previously to action brought he pay over the money to the rightful executor that will be a good defence. If he plead *ne unques executor* and it be found against him as it is a false plea he shall be charged with the whole debt *de bonis propriis.* If he plead *plene administravit* he shall only be charged with the assets that come to his hands. 2 *T. R.* 97, 100; 3 *Id.* 587; 1 *Salk.* 313; *Went.* 180; 3 *Bac.* 25; 1 *Com.* 379. What acts make a person liable is a question of law; whether proved or not is for the consideration of the jury. 2 *Term. Rep.* 97.

Regularly there cannot be an administrator *de son tort* when there is a rightful executor or administrator; but although there be a rightful executor who administered, yet if a stranger take the deceased's goods and claiming to be the executor, pays or receives debts or pays legacies he becomes administrator *de son tort.* 3 *Bac.* 22; 1 *Stark. Rep.* 31.

The agent of an executor proved a debt before the commissioners of bankrupt as executor. He was held liable as administrator *de son tort.* 4 *Maule & Selw.* 177.

If one as agent of an executor take possession of the goods of the deceased he is not chargeable as executor *de son tort. Peake N. P. Ca.* 86; 4 *M. & S.* 175; 1 *Stark.* 31. (Doubtful in the extent laid down.) See also 12 *Modern* 441.